UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LANDMARK AMERICAN INSURANCE
COMPANY,

                           MEMORANDUM AND ORDER

          Plaintiff,

                           CV 10-2982

     -against-

                           (Wexler, J.)

S&S PUB., dba DUBLIN PUB, SCOTT and
STAN REALTY, INC. MARLISA JOHNSON,
ANDREW JOHNSON, LUIS A, DIBARBERA,
SETH FRANKEL,

          Defendants.
----------------------------------------------------------------X

APPEARANCES:

    TRAUB LIEBERMAN STRAUS &
    SHREWSBERRY LLP, ESQ.
    BY: ROBERT M. LEFF, ESQ.
    Attorneys for Plaintiff
    Mid-Westchester Executive Park
    Seven Skyline Drive
    Hawthorne, New York 10532

    THALER GERTLER, LLP
    BY: DOMINICK P. LEONARDI, ESQ.
    Attorneys for Defendants S&S Pub, Inc., Scott and Stan Realty, Inc.
    90 Merrick Ave. - Suite 400
    East Meadow, New York 11554

WEXLER, District Judge

    In this action Plaintiff Landmark American Insurance Company ("Landmark"), seeks a judgment declaring that it has no obligation to defend and/or indemnify its insureds, Defendants S&S Pub and Scott and Stan Realty (collectively "S&S" or the "Insureds"), in connection with a

1

personal injury action now pending in New York State Supreme Court. After service of the complaint, S&S filed an answer and asserted counterclaims.

Presently before the court is Landmark's motion for summary judgment declaring that it has no duty to defend or indemnify S&S, and the motion of S&S for partial summary judgment seeking the opposite declaration. Also before the court is Landmark's motion to dismiss the counterclaims, and a motion to strike certain portions of the pleadings. For the reasons that follow, the motions for summary judgment and partial summary judgment are denied. The motion to dismiss the counterclaims is granted in part, and the motion to strike is denied.

## BACKGROUND

### I. The Parties

Landmark is an Oklahoma stock company with its principle place of business in the state of Georgia. It is engaged in the business of, inter alia, issuing commercial general and commercial liquor liability insurance policies, which have been placed within this district. Defendant S&S Pub, Inc. is a corporation organized under the laws of the State of New York. Its principle place of business is a bar/tavern which it operates under the name "Dublin Pub." Dublin Pub is located in New Hyde Park, New York. S&S Realty is a New York corporation that holds title to, and is the owner of the premises where the Dublin Pub is located.

### II. The Policies and the Johnson Action

Landmark issued both a commercial general liability insurance policy (the "CGL") and a liquor liability insurance policy (the "Liquor Policy") to the Insureds. In or around 2008, the Insureds were named as defendants in a lawsuit captioned Marlisa Johnson et al. v. Luis DiBarbera, et al., No. 28198/08, pending in the Supreme Court of the State of New York, County

of Suffolk (the "Johnson Action"). The Johnson Action alleges, inter alia, that Johnson was injured in an automobile accident that took place during the policy period, involving a car driven by DiBarbera, a defendant in that action. It is alleged that prior to the accident, DiBarbera was served alcoholic beverages at the Dublin Pub, despite the fact that its employees knew or had reason to know that he was under the age of twenty-one. Landmark disclaimed any coverage for the Johnson Action under the CGL, but undertook the defense of S&S in that action under the Liquor Policy, with a reservation of rights, for the reasons discussed below.

III. The Disclaimer of Coverage

Landmark alleges that after commencement of the Johnson Action, it became of aware of the fact that a material misrepresentation was made by S&S in its application for the Liquor Policy. Specifically, Landmark states that the application for the Liquor Policy inquired as to whether S&S had been issued any liquor law violations in the previous five years. Landmark alleges that the Insureds' negative response to this question was materially false because the Dublin Pub, had, in fact, been cited at least four times for liquor violations, and was fined and/or had its license suspended on at least three occasions.

In a letter dated June 28, 2010, Landmark advised S&S that it repudiated the existence of the Liquor Policy. Landmark tendered to S&S all premiums paid, along with interest. Landmark advised S&S that if it did not agree to rescission, Landmark would be commencing an action to litigate its right of rescission, but would continue its defense of S&S in the Johnson Action, with a reservation of the right to rescind the policy. S&S did not accept the return of premiums. This action, seeking a declaratory judgment that rescission is proper, followed.

3

IV. The Counterclaims

After service of this action, S&S answered and asserted counterclaims. Those counterclaims refer not only to the Liquor Policy, but also to the CGL, asserting the right to coverage under both policies. In addition, the counterclaims refer to a state court action not referenced in Landmark's complaint. Specifically, the counterclaims make reference to an action that was commenced in the Supreme Court of the State of New York, County of Nassau in 2008, entitled O'Brien v. Dublin Pub, et al., No. 22341/08 (the "O'Brien Action"). The O'Brien action was a personal injury action that arose out of facts completely unrelated to those forming the basis of the Johnson action. Landmark disclaimed coverage under the CGL in the O'Brien Action on grounds of late notice and the "assault and battery," and "liquor" exclusion provisions in the CGL. The counterclaims allege that Landmark wrongfully disclaimed coverage in the O'Brien Action, and acted in bad faith in connection therewith. The O'Brien Action is no longer pending, as it was settled for $4,000.

In support of its claim of bad faith denial of coverage, the Insureds' pleading alleges that the attorneys for Landmark have violated their ethical obligations by speaking directly to the Insureds, despite knowing that they were represented by counsel.

In addition to seeking a declaratory judgment that Landmark improperly disclaimed coverage in both the Johnson and the O'Brien Actions, S&S sets forth causes of action for breach of contract, breach of the covenant of good faith and fair dealing, specific performance, unjust enrichment and conversion.

V. The Motions

Landmark moves for summary judgment declaring that it may properly rescind the Liquor

Policy on the ground of material misrepresentation. S&S opposes the motion for summary judgment, and seeks judgment in its favor declaring that Landmark has the duty to defend it in both the Johnson and the O'Brien Actions. Landmark moves dismiss the counterclaims for lack of jurisdiction. In the event that the counterclaims are not dismissed, Landmark moves to strike portions of that pleading that refer to allegedly unethical conduct by Landmark's attorneys.

## DISCUSSION

I. Motion for Summary Judgment as to Rescission

A. Standards on Summary Judgment

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts

.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

   B.   Disposition of the Summary Judgment Motions

The court has reviewed the parties' submission, and concludes that numerous issues of fact preclude the entry of summary judgment on the issue of Landmark's right to rescind. S&S has raised the issue of whether or not it actually executed the document relied upon by Landmark. It has also raised issues with respect to the violations cited by Landmark and whether they were to be disclosed. Corresponding issues of fact also preclude the grant of summary judgment to S&S on its claim of entitlement to a declaratory judgment of coverage. Accordingly, the court denies both Landmark's motion for summary judgment, and that of S&S for partial

6

summary judgment.

II. <u>Motion to Dismiss the Counterclaims</u>

A. <u>Standards on Motion to Dismiss</u>

In <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Id</u>. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1974. The "retirement" of <u>Conley</u>'s language, see <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1969, is not a wholesale rejection of the general pleading rules to which federal courts have become accustomed. Instead, it is a rejection of <u>Conley</u>'s "negative gloss" on the accepted pleading standard that once a claim is stated, it may be supported by any set of facts consistent will the allegations of the complaint. <u>Bell Atlantic Corp.</u>, 127 S. Ct. at 1969. Indeed, shortly after its decision in <u>Bell Atlantic</u>, the Court reiterated that the pleading of specific facts in support of a complaint is not necessary. Instead, a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." <u>Erikson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).

The "plausibility" language used by the Supreme Court in <u>Bell Atlantic</u>, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" <u>Iqbal v. Hasty</u>, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened

7

factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

B. Standards Governing the Exercise of Jurisdiction Over Counterclaims

The issue of whether this court has jurisdiction over the counterclaims is determined by consideration of the standards set forth in Rule 13 of the Federal Rules of Civil Procedure, along with those of 28 U.S.C. §1367, governing the standards for the exercise of supplemental jurisdiction. Rule 13(a) defines those counterclaims that are compulsory, over which this court must retain jurisdiction, and Rule 13(b) defines those counterclaims that are permissive.

A counterclaim is deemed compulsory if it:

> (A) arises out of the transaction or occurrence that is the subject matter of the [complaint]; and
>
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). Compulsory counterclaims that are not raised are forfeited. Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004). All counterclaims that do not fall within the preceding description of a compulsory counterclaims are deemed to be permissive. Fed. R. Civ. P. 13(b). Whether a counterclaim is compulsory or permissive turns on whether the counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Jones, 358 F.3d at 209. This standard is met if there is a "'logical relationship' between the counterclaim and the main claim.'" Id. Such a logical relationship exists where the "essential facts" of the claims underlying the complaint and counterclaim are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. (citations omitted).

In any event, jurisdiction over an asserted counterclaim may be maintained only if the court holds that it is appropriate to exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367. Jones, 358 F.3d at 213; see Eze v. JP Morgan Chase Bank, NA, 2010 WL 3189813 * 6 (E.D.N.Y. 2010). Under that statute, supplemental jurisdiction should be exercised only if the complaint and counterclaims are related to the extent that they can be deemed to be a part of the same case or controversy under Article III of the United States Constitution. Patel v. Baluchi's Indian Restaurant, 2009 WL 2358620 *4 (S.D.N.Y. 2009). The statute provides further that even if the case over which supplemental jurisdiction is sought to be exercised falls

within the same case or controversy as the main case, a district court may nonetheless decline to exercise such jurisdiction if: (1) claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c).

### C. Disposition of the Motion to Dismiss the Counterclaim

#### 1. Counterclaims Arising Out of the O'Brien Action

The Insureds' counterclaims seek to have this court adjudicate, inter alia, the propriety of Landmark's decision to disclaim coverage in the O'Brien Action. The claims in the O'Brien action are completely unrelated to the claims in the Johnson Action. It is the issue of coverage of the latter, and not coverage over the O'Brien Action, that forms the basis of the declaratory judgment action set forth in the complaint herein. The only arguable connection between the Johnson and O'Brien Actions is that they both seek coverage under the same policies of insurance. This assumption is generous, given Landmark's position that the incidents forming the basis of the two lawsuits are not covered by the same policies of insurance. Even assuming, however, that both O'Brien and Johnson are covered by the same policies of insurance does not require a holding that the complaint and counterclaim arise out of the same case or controversy. This is because Landmark's different bases for disclaiming coverage in the two cases makes any connection completely attenuated. Landmark refused coverage in the Johnson Action based upon the alleged material misrepresentation on the Liquor Policy application. Coverage was disclaimed in the O'Brien Action based upon lack of notice and the assault and battery and liquor

exclusions set forth in the CGL.

The differences between the <u>Johnson</u> Action issues raised in the complaint, and the <u>O'Brien</u> Action issues raised in the counterclaims make it clear to the court that there exists no "logical relationship" between these two matters. The "essential facts" of the claims arising out of coverage in the <u>O'Brien</u> Action are not "so logically connected" to those in the <u>Johnson</u> Action such that "considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Indeed, to hold that the complaint and counterclaim are so related as to form the same Constitutional case or controversy, would be to hold that all claims made by an insured for coverage, whatever the time or nature of the claim and/or that of disclaimer of coverage, should be tried together in the same forum as part of the same proceeding. Such a conclusion does nothing to further the considerations of judicial economy and fairness that the exercise of supplemental jurisdiction seeks to further.

For the foregoing reasons, the court holds that the counterclaims relating to the <u>O'Brien</u> Action are permissive under Rule 13 of the Federal Rules of Civil Procedure. The court further holds that it is inappropriate to exercise supplemental jurisdiction over the <u>O'Brien</u> counterclaims pursuant to 28 U.S.C. §1367. Accordingly, the motion to dismiss the counterclaims is granted to the extent that those counterclaims are addressed to the <u>O'Brien</u> Action.

2. <u>Remaining Counterclaims</u>

Dismissal of the counterclaims arising out of the <u>O'Brien</u> Action leaves only those counterclaims addressing Landmark's conduct with respect to the <u>Johnson</u> Action. Those claims set forth causes of action for:

- breach of contract under the CGL policy;
- breach of the covenant of good faith and fair dealing under the CGL and the Liquor Liability policies;
- specific performance under the CGL and Liquor Liability policies;
- unjust enrichment arising out of the alleged retention or premium payments;
- conversion of premium payments under the policies, and
- a declaratory judgment that Landmark is required to defend and indemnify S&S in connection with the Johnson Action.

The court has held above that issues of fact preclude judgment in favor of either Landmark or S&S on the issue of rescission. Accordingly, the motion to dismiss the declaratory judgment counterclaim must be denied. In view of the facts that: (1) Landmark continues to provide a defense to S&S in the Johnson Action (albeit under a reservation of rights) and (2) the viability of all of the counterclaims are ultimately addressed to the core issue of coverage, the court declines to dismiss the counterclaims at this time.

III.  Motion to Strike

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading "any . . . immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). See Illiano v. Mineola Union Free School Dist., 585 F. Supp.2d 341, 357 (E.D.N.Y. 2008). To prevail on a Rule 12(f) motion to strike, the moving party must show that the challenged material has "no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant" Id. Generally, motions to strike are disfavored, and will be granted only where there exists a strong reason to do so. Tankleff v. County of Suffolk, 2011 WL

221920 *1 (E.D.N.Y. 2011).

The material sought to be struck is the factual allegation that counsel for Landmark violated their ethical obligations by having a direct communication with S&S, despite the knowledge that S&S was represented by counsel. Landmark disputes the veracity of the pleading, while S&S argues that it is essential to support their claim of bad faith. The court is in no position to assess the veracity of the pleading, and declines to strike the challenged material at this stage of the litigation. The motion to strike is therefore denied.

## CONCLUSION

For the foregoing reasons, Landmark's motion for summary judgment is denied, as is Defendant's cross-motion for partial summary judgment. The motion to dismiss the counterclaims is granted only to the extent that all claims arising out of the O'Brien Action are dismissed. The motion to strike is denied. The parties are directed to continue with discovery. The Clerk of the Court is directed to terminate the motions.

SO ORDERED:

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
February 8, 2011