UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LANDMARK AMERICAN INSURANCE
COMPANY,

                         MEMORANDUM AND ORDER

        Plaintiff,

                         CV 10-2982

    -against-

                         (Wexler, J.)

S&S PUB., dba DUBLIN PUB, SCOTT and
STAN REALTY, INC. MARLISA JOHNSON,
ANDREW JOHNSON, LUIS A, DIBARBERA,
SETH FRANKEL,

        Defendants.
----------------------------------------------------------------X

APPEARANCES:

    TRAUB LIEBERMAN STRAUS &
    SHREWSBERRY LLP, ESQ.
    BY: ROBERT M. LEFF, ESQ.
    Attorneys for Plaintiff
    Mid-Westchester Executive Park
    Seven Skyline Drive
    Hawthorne, New York 10532

    THALER GERTLER, LLP
    BY: DOMINICK P. LEONARDI, ESQ.
    Attorneys for Defendants S&S Pub, Inc., Scott and Stan Realty, Inc.
    90 Merrick Ave. - Suite 400
    East Meadow, New York 11554

WEXLER, District Judge

    In this action Plaintiff Landmark American Insurance Company ("Landmark"), seeks a judgment declaring that it has no obligation to defend and/or indemnify its insureds, Defendants S&S Pub and Scott and Stan Realty (collectively "S&S" or the "Insureds"), in connection with a

1

personal injury action now pending in New York State Supreme Court. After service of the complaint, S&S filed an answer and asserted counterclaims.

Previously before the court was Landmark's motion for summary judgment declaring that it has no duty to defend or indemnify S&S, and the motion of S&S for partial summary judgment seeking the opposite declaration. Also before the court was Landmark's motion to dismiss the counterclaims, and a motion to strike certain portions of the pleadings. In a Memorandum and Opinion dated February 8, 2011, familiarity with which is presumed, this court held that numerous issues of fact precluded the entry of judgment denied the motions for summary judgment and partial summary judgment. The court granted the motion to dismiss the counterclaims in part, and denied the motion to strike.

Presently before the court is Landmark's motion for reconsideration. S&S opposes that motion and, arguing that the motion is both frivolous and presented for an improper purpose.

## DISCUSSION

I.  Legal Principles

    A.  Standards on Motion for Reconsideration

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1

2

(N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

B. Standards on Motion for Rule 11 Sanctions

Rule 11(b) of the Federal Rules of Civil Procedure provides, in relevant part, that whenever a signed pleading or "other paper" is submitted to the court, an attorney certifies that:

- the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

- the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b)(1)(2). Motions for sanctions under Rule 11 must be made by separate motion and are not to be presented to the court if the challenged document is withdrawn or corrected within twenty-one days after service. Fed. R. Civ. P. 11(c)(2). When determining whether to grant a motion for Rule 11 sanctions, the court is guided by an standard of "objective unreasonableness," and not the subjective beliefs of the person making the challenged statement Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 387 (2d Cir. 2003); see Margo v. Weiss, 213 F.3d 55, 64- 65 (2d Cir.2000).

II. Disposition of the Motions

The court has reviewed the parties' submissions and holds that neither motion should be granted. Landmark's motion fails to meet the high standards set forth above for the grant of a motion to reconsider. With respect to the Rule 11 motion, it appears that Landmark has not been given the opportunity to withdraw the motion. Even if given that opportunity, it is unlikely that the challenged papers would have been withdrawn. In any event, the court holds that the imposition of Rule 11 sanctions is not warranted.

## CONCLUSION

The motions for reconsideration and sanctions are denied. The parties are directed to continue with discovery. The Clerk of the Court is directed to terminate the motions.

SO ORDERED:

                                          LEONARD D. WEXLER
                                          UNITED STATES DISTRICT JUDGE

Central Islip, New York
March 29, 2011