```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LANDMARK AMERICAN INSURANCE
COMPANY,

                    Plaintiff,

        -against-

S&S PUB., dba DUBLIN PUB, SCOTT and
STAN REALTY, INC. MARLISA JOHNSON,
ANDREW JOHNSON, LUIS A, DIBARBERA,
SETH FRANKEL,

                    Defendants.
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 14 2011 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 10-2982

(Wexler, J.)

APPEARANCES:

    TRAUB LIEBERMAN STRAUS &
    SHREWSBERRY LLP, ESQ.
    BY: ROBERT M. LEFF, ESQ.
        ERIC D. SUBEN, ESQ.
    Attorneys for Plaintiff
    Mid-Westchester Executive Park
    Seven Skyline Drive
    Hawthorne, New York 10532

    THALER GERTLER, LLP
    BY: RICHARD G. GERTLER, ESQ.
    Attorneys for Defendants S&S Pub, Inc., Scott and Stan Realty, Inc.
    90 Merrick Ave. - Suite 400
    East Meadow, New York 11554

WEXLER, District Judge

    In this action Plaintiff Landmark American Insurance Company ("Landmark"), seeks a judgment allowing it to rescind a liquor liability insurance policy and declaring that it has no obligation to defend and/or indemnify Defendants S&S Pub and Scott and Stan Realty

1

(collectively "S&S" or the "Insureds"), in connection with a personal injury action now pending in New York State Supreme Court. In a Memorandum and Order dated February 8, 2011, this court denied Plaintiff's motion for summary judgment, along with Defendants' motion for partial summary judgment and Plaintiff's motion to strike certain parts of the pleadings. A motion to dismiss the counterclaims was granted in part. The parties thereafter engaged in discovery. Presently before the court is Plaintiff's renewed motion for summary judgment. As in the prior motion, Landmark's motion seeks a judgment declaring that it has no duty to defend or indemnify S&S, on the grounds of late notice and submission of a materially false insurance application.

## BACKGROUND

I. The Parties

The identity of the parties is set forth in detail in this court's prior opinion, familiarity with which is presumed. Suffice it to say that Landmark is engaged in the business of, inter alia, issuing commercial general and commercial liquor liability insurance policies, which have been placed within this district. Defendant S&S Pub, Inc. is a New York corporation that operated, a all relevant times, a bar/tavern under the name "Dublin Pub."

II. The Policies, the Johnson Action and the Disclaimer of Coverage

Landmark issued both a commercial general liability insurance policy (the "CGL") and a liquor liability insurance policy (the "Liquor Policy") to the Insureds. At issue in this matter is coverage in a lawsuit captioned Marlisa Johnson et al. v. Luis DiBarbera, et al., No. 28198/08, that is currently pending in the Supreme Court of the State of New York, County of Suffolk (the "Johnson Action"). That action alleges, inter alia, that the plaintiff was injured in an automobile

accident that took place during the policy period, involving a car driven by DiBarbera, a defendant in that action. It is alleged that prior to the accident, DiBarbera was served alcoholic beverages at the Dublin Pub, despite the fact that its employees knew or had reason to know that he was under the age of twenty-one and/or already intoxicated. As set forth in this court's prior opinion, Landmark disclaimed any coverage for the Johnson Action under the CGL, but undertook the defense of S&S in that action under the Liquor Policy, with a reservation of rights. Landmark states that upon its investigation of the coverage issue, it became of aware of the fact that a material misrepresentation was made by S&S in its application for the Liquor Policy. Specifically, Landmark states that the application for the Liquor Policy inquired as to whether S&S had been issued any liquor law violations in the previous five years. Landmark alleges that the Insureds' negative response to this question was materially false because the Dublin Pub, had, in fact, been cited at least four times for liquor violations, and was fined and/or had its license suspended on at least three occasions.

V.    The Motion

Landmark again moves for summary judgment declaring that it may properly rescind the Liquor Policy on the ground of material misrepresentation. S&S opposes the motion for summary judgment, arguing that material issues of fact exist concerning any application for the policy and whether or not Dublin Pub was in fact issued violations that would have prohibited its issuance.

## DISCUSSION

I.    Standards on Motion for Summary Judgment and Rescission

The standards for summary judgment are well settled. Rule 56(c) of the Federal Rules of

Civil Procedure 56(c), states that summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 104 (2d Cir. 2010). The moving party bears the burden of showing entitlement to summary judgment. See Huminski v. Corsones, 396 F.3d 53, 69 (2d Cir. 2005). In the context of a Rule 56 motion, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party " 'must do more than simply show that there is some metaphysical doubt as to the material facts .... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.' " Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002), quoting, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis in original). The nonmoving party may not rest upon mere conclusory allegations or denials but must set forth " 'concrete particulars' " showing that a trial is needed. R.G. Group,

4

Inc. v. Horn & Hardart Co., 751 F.2d 69, 77 (2d Cir. 1984), quoting, SEC v. Research Automation Corp., 585 F.2d 31, 33 (2d Cir.1978). Accordingly, it is insufficient for a party opposing summary judgment " 'merely to assert a conclusion without supplying supporting arguments or facts.' " BellSouth Telecomms., Inc. v. W.R. Grace & Co., 77 F.3d 603, 615 (2d Cir. 1996), quoting, Research Automation Corp., 585 F.2d at 33.

As to rescission, the insurer bears the burden of proving the making of a misrepresentation and that the insurer's knowledge of that misrepresentation would have resulted in the insurer's refusal to issue to policy in the first place. Vella v. Equitable Life Assurance Soc., 887 F.3d 388, 391 (2d Cir. 1989). A misrepresentation is a false statement as to a fact made to an insurer. Such a false statement is deemed material if knowledge of the truth would have led to a refusal to issue the policy. The issue is whether the insurer was induced by the prospective insureds' statement to issue a policy that it would not have otherwise issued. Mutual Ben. Life Ins. Co. v. JMR Electronics Corp., 848 F.2d 30, 32 (2d Cir. 1988). In such a case, rescission which "returns the parties to the status that existed before the transaction was executed," is the appropriate remedy. Kirton v. Northwestern Mut. Life Ins. Co., 2006 WL 3051772 *4 (E.D.N.Y. 2006).

II.     Disposition of the Motion

The court has reviewed the parties' submission, and concludes that the presence of issues of fact continue to preclude the entry of summary judgment on the issue of Landmark's asserted right to rescind. S&S continues to raise the issue of whether or not it actually executed the document relied upon by Landmark and the court cannot resolve the issue on this motion. Questions persist regarding the violations cited by Landmark and whether they were to be

disclosed. The presence of these issues precludes the entry of summary judgment. Accordingly, the motion before the court is denied.

## CONCLUSION

For the foregoing reasons, Landmark's motion for summary judgment is denied. Jury selection will go forward, as scheduled, on November 28, 2011. The Clerk of the Court is directed to terminate the motion for summary judgment appearing at docket entry number 75.

SO ORDERED:

s/Leonard. D. Wexler<br>
LEONARD D. WEXLER<br>
UNITED STATES DISTRICT JUDGE

Central Islip, New York
November 14, 2011